## Laswell v. Commonwealth (2 Cases).

(Decided November 9, 1911.)

### Appeals from Barren Circuit Court.

1.  Intoxicating Liquors—Local Option Law—Violation of—Prosecution—Sufficiency of Evidence.—In a prosecution for the sale of intoxicating liquors in violation of the local option law, evidence examined and held sufficient to sustain a conviction.

2.  Instructions.—In a prosecution for selling intoxicating liquor in violation of the local option law, the court instructed the jury that if the defendant took the money of the prosecuting witness, whether the money of the witness, or of another, and therefore delivered whiskey to witnes, such transaction was in law a sale of the whiskey, unless the jury believe from the evidence that the defendant merely, as an accommodation to the prosecuting witness, or to those whose money witness delivered to defendant, took said money and procured said whiskey for witness from another and further believed from the evidence that the defendant was not the owner of the whiskey nor of any interest therein, and was not a sharer in the profits of its sale, and was not acting as clerk or agent of the seller of said whiskey. Held, that this instruction, together with the other instructions given properly presented the law of the case.

J. R. WHITE for appellant.

JAMES BREATHITT, Attorney General, and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

These two cases involve similar questions, and will be considered together.

The prosecutions were begun in the Barren Circuit Court by information filed by the county attorney. In each case the appellant, Claude Laswell, is charged with the unlawful sale of liquor to Ed. Bowman, the sales having taken place at different times.

In the first case Bowman testified that one Saturday night he asked appellant Laswell to get him some whiskey and gave him a dollar and a half. In a few minutes appellant brought two pints of whiskey and delivered to him. The freight agent at Bowling Green testified that on October 29th, 1910, there was a shipment to Claude Laswell at Bowling Green, from New Albany, Indiana, of three barrels of whiskey in glass, that is, whiskey put up in bottles and placed in barrels for shipment. Appellant, after stating that he had been in the cooperage business, but had sold out, testified that he knew Ed. Bowman and that one Sunday during the month of December he met Bowman in front of Tom Cartwright's store. Bowman asked him if he could get a drink. He replied that he did not know. Bowman gave him a dollar and a half and said he wanted two pints of whiskey. He then went down a lane and met a friend of his. He and his friend walked further down the lane and met another fellow, from whom they got two pints of whiskey. He and his friend then stopped in the barn back of his house and took a drink. They then delivered the whiskey to Bowman. Appellant admitted that he received a portion of the whiskey that was shipped to him, but claims that he and Bowman owned it together. On cross examination he claimed to have gotten the whiskey in question from his brother-in-law, Sam Page, who was not introduced as a witness.

In Instruction No. 1 the court told the jury that if they believed from the evidence to the exclusion of a reasonable doubt that, in Barren County, in December, 1910, the defendant, Claude Laswell, sold directly or indirectly any whiskey to Ed. Bowman, they should find him guilty and fix his punishment as provided in the statute. In Instruction No. 2 the court told the jury that if the defendant, Laswell, took money from the witness, Bowman, whether the money of Bowman or of another or others, and therefor delivered whiskey to Bowman, said transaction was in law a sale of the whiskey, unless they believed from the evidence that the defendant, merely as an accommodation to Bowman, or to those whose money Bowman delivered to the defendant, took said money and

procured said whiskey for Bowman from another person, and further believed from the evidence that the defendant was not the owner of said whiskey nor of any interest in said whiskey, and was not a sharer in the profits of its sale, and was not acting as clerk or agent of the seller of said whiskey. Instruction No. 3 was the usual instruction on reasonable doubt. These instructions, we think, admirably presented the law of the case, and there can be no doubt that the evidence was sufficient to sustain a conviction.

In the second case, which is docketed No. 5, Bowman testified that he walked up to Laswell on the street corner and asked him if he could get some whiskey. He gave Laswell seventy-five cents and in a few moments Laswell returned with a pint of whiskey which he delivered to witness. Appellant testified that he met Bowman on the occasion in question, and that the latter asked him to get him a pint of whiskey. Appellant refused to get the whiskey because Bowman was drunk at that time. In this case also, the express agent at Bowling Green testified to the delivery of three barrels of whiskey in glass to appellant. This whiskey was shipped from New Albany, Indiana. There was also proof that appellant kept whiskey on hand in his trunk.

In this case the only question submitted to the jury was whether or not they believed from the evidence, to the exclusion of a reasonable doubt, that appellant sold a pint of whiskey to Ed. Bowman on the occasion in question. If so, they were told to find him guilty. On the other hand, if they had a reasonable doubt of appellant's having been proven guilty, they were told to find him not guilty. As appellant denied making the sale, and did not claim that he was acting solely for the accommodation of another, we conclude that the instructions given properly presented the law of the case.

Perceiving no error in either record prejudicial to the substantial rights of appellant, it follows that the judgment in each case should be affirmed, and it is so ordered.